UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KAYDEN VINSANT, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 3:25-CV-240-TAV-DCP |
| DYLAN WOODARE, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner incarcerated in the Claiborne County Jail, filed: (1) a complaint under 42 U.S.C. § 1983 [Doc. 1]; and (2) a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to proceed as a pauper [Doc. 4] and **DISMISSES** this action for failure to state a claim.

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of the certification of Plaintiff's inmate trust account demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum [*See* Doc. 4]. Accordingly, pursuant to 28 U.S.C. § 1915, the Court will **GRANT** Plaintiff's motion [*Id.*].

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding

month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

B. **Plaintiff's Allegations**

On May 5, 2025, Plaintiff was in another inmate's cell when Corporal ("Cpl.") Dylan Woodare came into the pod and told Plaintiff to go back to his cell [Doc. 1, pp. 3–4]. Cpl. Woodare and Plaintiff "had word[]s back an[d] forth" [*Id.* at 4]. When "the cell rolled open[,]" Cpl. Woodare ordered Plaintiff into his cell [*Id.*]. Plaintiff stood in the doorway, and Cpl. Woodare again ordered Plaintiff into his cell [*Id.*]. Cpl. Woodare "put his hand[]s on [Plaintiff][,]" who fell [*Id.*]. When Plaintiff got up, Cpl. Woodare "punch[ed]" Plaintiff and "blacked [his] eye" [*Id.*]. Cpl. Woodare stated that Plaintiff had charged at him, but Plaintiff did not [*Id.*]. Cpl. Woodare then took Plaintiff to booking, where Sergeant ("Sgt.") Hickell cleaned his face [*Id.*].

Plaintiff has post-traumatic stress disorder ("PTSD") because of Cpl. Woodare's actions, and the staff at the jail do not help inmates at all [*Id.*]. Aggrieved by these circumstances, Plaintiff filed the instant action against Cpl. Woodare in both his individual and official capacity, seeking $250,000 in damages and for Cpl. Woodare to "be held accountable for his actions" [*Id.* at 5].

3

C.    Analysis

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Plaintiff does not disclose his custodial status in his complaint, but it does not appear that he is a convicted prisoner.[1] Therefore, the Court will assume for screening purposes that Plaintiff is a pretrial detainee, and that the greater protections of the Fourteenth Amendment apply to his claims. *See Lawler as next friend of Lawler v. Hardeman Cnty.*, 93 F.4th 919, 926 (6th Cir. 2024) (noting pretrial detainee's constitutional protections originate from the Due Process Clause); *see also Love v. Franklin Cnty.*, 376 F. Supp. 3d 740, 745 (E.D. Ky. 2019) (finding "the Fourteenth Amendment affords pretrial detainees greater protections than those afforded to convicted prisoners by the Eighth Amendment" (citations omitted)).

1.    **Official-Capacity Claim**

By suing Cpl. Woodare in his official capacity, Plaintiff is suing Claiborne County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally

---

[1] Plaintiff is not listed as a convicted prisoner by the Tennessee Department of Correction's publicly available database. *See* Tenn. Dep't of Corr., *Felony Offender Information*, https://foil.app.tn.gov/foil/search.jsp (last visited June 3, 2025); *see also Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)).

4

Case 3:25-cv-00240-TAV-DCP    Document 8    Filed 06/30/25    Page 4 of 7    PageID #: 28

represent only another way of pleading an action against an entity of which an officer is an agent."). To sustain suit against Claiborne County, Plaintiff must allege facts from which this Court could infer that his constitutional rights were violated because of an unconstitutional County policy or custom. *See Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). That is, "[P]laintiff must identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and internal quotation marks omitted).

Here, Plaintiff has not alleged any facts from which the Court could plausibly infer that a custom or policy attributable to Claiborne County caused him any injury, and his official-capacity claim against Cpl. Woodare will be **DISMISSED**.

### 2. Individual-Capacity Claim

To state a claim against Cpl. Woodare in his individual capacity, Plaintiff must adequately plead that Cpl. Woodare's own actions violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

To adequately allege that Cpl. Woodare's use of force against Plaintiff violated the Fourteenth Amendment, Plaintiff must set forth facts that allow the Court to plausibly infer "that the force purposely or knowingly used against him was objectively unreasonable."

5

*Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). "The reasonableness of the force turns on the facts and circumstances of the particular case, and '[a] court must make this determination from the perspective of a reasonable [official] on the scene, including what the [official] knew at the time, not with the 20/20 vision of hindsight.'" *Howell v. NaphCare, Inc.*, 67 F.4th 302, 320 (6th Cir. 2023) (citing *Kingsley*, 576 U.S. at 397). Factors that "bear on the reasonableness or unreasonableness of the force used," *Kingsley*, 576 U.S. at 397, include the following:

> [T]the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Howell*, 67 F.4th at 320 (quoting *Kingsley*, 576 U.S. at 397).

"Active resistance to an officer's command[,] be it "'verbal hostility' or 'a deliberate act of defiance[,]'" can validate an officer's use of force. *Hanson v. Madison Cnty. Det. Ctr.*, 736 F. App'x 521, 531 (6th Cir. 2018) (citing *Goodwin v. City of Painesville*, 781 F.3d 314, 323 (6th Cir. 2015)). And here, Plaintiff admits that Cpl. Woodare "put his hand[]s on" Plaintiff after Plaintiff "had word[s]" with Cpl. Woodare and twice refused an order to get in his cell, and that Cpl. Woodare "punch[ed]" Plaintiff after stating Plaintiff charged at him [Doc. 1, p. 4]. Further, Plaintiff has not presented any well pled facts that Cpl. Woodare's use of force was extreme or prolonged, or that Plaintiff required any medical treatment after the use of force. While Plaintiff denies that he charged at Cpl. Woodare, he has not alleged any facts suggesting that Cpl. Woodare did not in good faith believe that Plaintiff was a threat to him. Accordingly, the facts presented by Plaintiff do

6

not permit the plausible inference that Cpl. Woodare's use of force was objectively unreasonable. *See Kingsley*, 576 U.S. at 397. Because Plaintiff has not pled sufficient facts to render his use-of-force claim plausible, as opposed to merely possible, his complaint will be dismissed for failure to state a claim. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's Motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

4. Plaintiff's complaint will be **DISMISSED without prejudice** for failure to state a claim upon which § 1983 relief may be granted; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE